CROWELL & MORING LLP
Valerie M. Goo (SBN 187334)
VGoo@crowell.com
Raija J. Horstman (SBN 277301)
RHorstman@crowell.com
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Telephone:    213.622.4750
Facsimile:    213.622.2690

Christopher Cole (*pro hac vice pending*)
CCole@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC  20004
Telephone:    202.624.2500
Facsimile:    202.628.5116

Attorneys for Defendant
MOLSON COORS BEVERAGE COMPANY USA LLC[1]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| JOSEPH WAGNER as an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Molson Coors Beverage Company,<br><br>Defendant. | Case No. 3:21-CV-05461-WHO<br><br>**MOLSON COORS'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:            October 20, 2021<br>Time:           2:00 PM<br>Courtroom:  2<br><br>Action Filed:   July 15, 2021<br>Judge:             Hon. William H. Orrick<br><br>[Filed Concurrently with [Proposed] Order re Motion to Dismiss; Declaration of Sofia Colucci; Request for Judicial Notice; and [Proposed] Order re Request for Judicial Notice] |

---

[1] Molson Coors Beverage Company USA LLC was erroneously sued as Molson Coors Beverage Company.

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, October 20, 2021 at 2:00 p.m. in Courtroom 2 on the 17th Floor of the United States District Court, Northern District of California, San Francisco, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Molson Coors Beverage Company USA LLC ("Molson Coors") will and does move this Court for an order dismissing Plaintiff Joseph Wagner's ("Plaintiff") Complaint in its entirety, without leave to amend, under Federal Rule of Civil Procedure ("Rule") 12(b)(1), Rule 11, and the court's inherent powers, for lack of jurisdiction because Plaintiff lacks Article III standing. The Complaint incorporates a requisite sworn declaration from Plaintiff in which he swears, under penalty of perjury, that he purchased Vizzy hard seltzer in August and September 2018 from a Safeway in Petaluma, California. Plaintiff's declaration is not only indisputably false, it is actually impossible. Indeed, he could not have purchased Vizzy in the Petaluma Safeway in 2018 because Vizzy was not conceived of internally at Molson Coors until September 2019 and was not available for purchase by consumers until April 2020. Thus, Plaintiff cannot have Article III standing and the Complaint should be dismissed with prejudice.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum, the concurrently filed Request for Judicial Notice, the concurrently filed Declaration of Sofia Colucci, [Proposed] Order, and such other documents and information that the Court may consider.

## STATEMENT OF ISSUES

1. Whether, under Rule 12(b)(1), the Court should dismiss Plaintiff's Complaint in its entirety without leave to amend for lack of Article III standing because he could not have purchased the product as alleged in 2018.

2. Whether, under Rule 12(b)(1), Rule 11 and the court's inherent powers, the Court should dismiss Plaintiff's Complaint in its entirety without leave to amend because Plaintiff has filed a patently false declaration asserting that he purchased the product at a Safeway in Petaluma, California in August and September 2018, which is nearly two years before the product was ever

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

MOLSON COORS'S NOT. OF MOT. & MOT. TO
DISMISS PL.'S COMPL.; MPA IN SUPPORT
THEREOF; CASE NO. 3:21-CV-05461-WHO

sold to the public and a year or more before the product was even conceived of at Molson Coors.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff has brazenly filed a patently false declaration under penalty of perjury in a fraudulent attempt to manufacture standing to bring claims against Molson Coors for alleged violations of California's false advertising and consumer protection laws.

Under penalty of perjury, Plaintiff submitted to this Court a sworn declaration supporting his Complaint that he purchased Vizzy Hard Seltzer ("Vizzy") in August and September of 2018. ECF 1, Ex. A ("Plaintiff's Declaration"). However, it cannot be disputed that Molson Coors did not launch Vizzy into retail distribution until April 2020 and therefore it is impossible for Plaintiff to have purchased it in 2018. Accordingly, Plaintiff also could not have read the product labels prior to purchase in 2018 as he falsely alleges. Plaintiff's own sworn declaration establishes that Plaintiff has not been injured and has no Article III standing. Thus, his Complaint should be dismissed with prejudice.

**II.   STATEMENT OF FACTS[2]**

Molson Coors manufactures, markets, advertises, and sells a variety of hard seltzers under the brand name "Vizzy." ECF 1, ¶ 13. Plaintiff alleges he made his purchases of Vizzy in 2018 "after reading and relying on Defendant's product label that advertised 'With Antioxidant Vitamin C from Acerola Superfruit.'" ECF 1, ¶ 65. Plaintiff alleges he was misled by the labeling and advertising because the label states that Vizzy contains "Antioxidant Vitamin C from Acerola Superfruit" and makes "other representations." ECF 1, ¶¶ 5, 15. Plaintiff claims that such statements are deceptive and constitute unlawful advertising.[3]

In Plaintiff's Declaration, which is required under California Code Section 1780(d) to state the factual foundation for the relief he seeks and is part of his Complaint, Plaintiff swore,

---

[2] These facts alleged in the Complaint are taken as true for purposes of this motion only.
[3] Plaintiff asserts claims against Molson Coors for violation of the California Consumers Legal Remedies Act ("CLRA"); Business & Prof. Code §17500 ("FAL"); Fraud, Deceit, and/or Misrepresentation; Business & Prof. Code §17200 ("UCL"); and Unjust Enrichment with respect to Molson Coors's marketing of Vizzy.

under penalty of perjury, that he "purchased Vizzy Hard Seltzer variety packs in **August and September of 2018** from Safeway in Petaluma, California." ECF 1, Ex. A.[4] Plaintiff did not attach any receipts to his declaration. *See id.*

Molson Coors did not even decide on "Vizzy" as the name for its new product until September 2019. Declaration of Sofia Colucci in Support of Defendant's Motion to Dismiss ("Colucci Decl."), ¶ 3; *see also* Request for Judicial Notice ("RJN"), Ex. A, ¶ 4. It is indisputable that Molson Coors launched Vizzy nationwide in **April of 2020**. Colucci Decl., ¶ 4; *see also* RJN, Ex. A, ¶ 7; Ex. B (March 24, 2020 court order denying preliminary injunction seeking to prohibit Molson Coors from launching Vizzy); Ex. C (April 8, 2020 news article announcing the launch of Vizzy).

Vizzy was not available for consumers to purchase until April 2020. Colucci Decl., ¶ 4; *see also* RJN, Exs. A-C. Thus, Plaintiff could not have purchased Vizzy in 2018 from a Petaluma, California Safeway, as he claims to have done in his sworn declaration. ECF 1, Ex. A. He could not have studied and relied on a Vizzy label in 2018 as he claims to have done prior to purchase. ECF 1, ¶ 65. It is simply impossible for Plaintiff to have sustained any alleged damages. He could not have purchased Vizzy before it was available in the marketplace.

### III. STANDARD OF REVIEW

A federal court may only consider cases if it has subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff must establish Article III standing in order for the court to have subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). Otherwise, it is presumed that the federal court does not have subject matter jurisdiction. *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

---

[4] The Complaint includes false allegations as well. Plaintiff alleges generally that he purchased several packs of Vizzy from 2018 to 2020. ECF 1, ¶ 64. However, Plaintiff does not allege any specific purchases in 2018, 2019 or 2020. *Id.* Plaintiff's Declaration swears that he made purchases ***only*** in August and September 2018. ECF 1, Ex. A.

In order to establish Article III standing, a plaintiff bears the burden of establishing: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision." *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1092 (N.D. Cal. 2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Because these elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

A complaint will be dismissed under Rule 12(b)(1) if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Id.*

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Additionally, in resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint. *Savage*, 343 F.3d at 1039 n.2; *White*, 227 F.3d at 1242.

And, here, it is appropriate to dismiss the complaint with prejudice given the fact that Plaintiff has submitted a blatantly fraudulent declaration.[5] *Arnold v. Cty. of El Dorado*, No. 2:10-CV-3119 KJM GGH, 2012 WL 3276979, at *4 (E.D. Cal. Aug. 9, 2012), *report and*

---

[5] By submitting Plaintiff's fraudulent declaration (as well as patently false allegations in the Complaint), counsel may have also violated their Rule 11 obligations to conduct a good faith investigation of the allegations prior to filing. As noted above, the history of Vizzy's April 2020 launch was a matter of public record and its launch was the subject of other federal court litigation. Any cursory investigation, let alone a good faith one, would have revealed these facts.

*recommendation adopted*, No. 210CV3119KJMGGHPS, 2012 WL 13046344 (E.D. Cal. Sept. 27, 2012) (dismissing case with prejudice because "perjury on any material fact strikes at the core of the judicial function and warrants a dismissal of one's right to participate at all in the truth seeking process. If one can be punished for perjury with up to five years imprisonment, 18 U.S.C. § 1621, it should not seem out of place that a civil action might be dismissed for the same conduct.").

## IV.   ARGUMENT

This court should dismiss Plaintiff's Complaint in its entirety because Plaintiff has not established, and cannot establish, the requisite injury in fact to confer Article III standing. Plaintiff submitted a sworn declaration under penalty of perjury that he purchased Vizzy at a Safeway in California in 2018. That is simply impossible because Vizzy had not even been conceived of internally at Molson Coors at that point, and certainly was not available to consumers in the market.

It is plaintiff's burden to plead that he or she has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560. Plaintiff's allegations are not entitled to a presumption of truthfulness under a factual attack to jurisdiction under 12(b)(1). *See White*, 227 at 1242. Nor are the allegations in Plaintiff's sworn declaration, submitted in an attempt to satisfy California Civil Code § 1780(d), entitled to any presumption when contradicted by factual evidence. *See Sud v. Costco Wholesale Corp.*, No. 15-CV-03783-JSW, 2016 WL 192569, at *1 (N.D. Cal. Jan. 15, 2016).

For example, in *Sud*, the Court granted defendant's 12(b)(1) motion to dismiss plaintiff's complaint for claims under the UCL, CLRA, and FAL for lack of Article III standing. *Id.* There, the plaintiff submitted a declaration in which she attested that she and her mother purchased farmed prawns at Costco. *Id.* at *3. Costco, in turn, provided evidence that, while plaintiff was a card-holding Costco member, she did not purchase any farmed prawns. *Id.* This evidence also showed that although plaintiff's mother's purchase history did show the purchase of prawns, she

had not purchased the *relevant* prawns (from Thailand). *Id.*[6] Based on this record, the Court concluded that plaintiff did not put forth sufficient evidence to overcome Costco's factual challenge to Article III standing. *Id.*

Here, Plaintiff similarly has not put forth any evidence to establish Article III standing. In fact, Plaintiff has submitted conclusive evidence proving he does not. And Plaintiff cannot now disclaim his sworn statements in an attempt to artificially manufacture standing because Plaintiff's Declaration controls over any allegations in the Complaint. "When an exhibit to a complaint is inconsistent with the complaint's allegations, the exhibit controls." *Nguyen v. Bank of Am., NA*, 563 F. App'x 558 (9th Cir. 2014) (affirming dismissal with prejudice); *see also Saddozai v. Lomu*, No. 18-04047 BLF (PR), 2020 WL 4923973, at *1, n.4 (N.D. Cal. Aug. 21, 2020) (granting summary judgment for defendants, noting "[w]here Plaintiff's facts in his declaration differ from the alleged facts in his verified amended complaint, the Court will consider the facts stated in Plaintiff's declaration as superseding those in the amended complaint."). Here, Plaintiff swears under oath that he "purchased Vizzy Hard Seltzer variety packs in August and September of 2018 from Safeway in Petaluma, California" but does not attach any receipts. ECF 1, Ex. A. Plaintiff does not claim to have made any purchases in 2019 or 2020 in his Declaration. *Id.*[7]

In reality, Vizzy was not yet on the market in 2018. Colucci Decl. ¶ 4; RJN Exs. A–C. Because it is impossible for Plaintiff to have purchased Vizzy in 2018, as he swears under oath, he could not have reviewed its product label prior to purchase at that time, and cannot establish an injury in fact. Therefore, Plaintiff has not established—and indeed cannot establish—Article III standing to assert the claims set forth in his Complaint, which should be dismissed in its entirety.

---

[6] In *Sud*, plaintiff provided a receipt for a purchase of prawns from Costco attached to her declaration. 2016 WL 192569, at *3. However, Costco provided evidence that the receipt was for prawns sourced from Vietnam and Indonesia, while the prawns at issue were sourced from Thailand. Thus, while plaintiff lacked Article III standing, she had not perjured herself and the Court granted leave to amend. *Id.*

[7] Therefore, Plaintiff's false allegations in the Complaint that he purchased Vizzy between 2018 and 2020 do not save his claims. ECF 1, ¶ 64. His Declaration controls and only specifies purchases in 2018. ECF 1, Ex. A. Moreover, the allegation in the Complaint that Plaintiff purchased in 2018 underscores that the "2018" in his sworn declaration was not merely a typo.

*See, e.g.*, *Stahl L. Firm v. Judicate W.*, No. C13-1668 TEH, 2013 WL 6200245, at *6 (N.D. Cal. Nov. 27, 2013), (granting defendant's motion to dismiss under Rule 12(b)(1) with prejudice where the plaintiff failed to allege that he suffered injury in fact required to establish Article III standing in the false advertising context); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 914 (N.D. Cal. 2020) (granting defendants motion to dismiss under Rule 12(b)(1) for lack of Article III where plaintiff failed to allege reliance because "courts have held that actual reliance is required to demonstrate causation for purposes of Article III standing when the plaintiffs assert that their injury is the result of deceptive misrepresentations or omissions" under the FAL and UCL).

Further, Plaintiff's Complaint should be dismissed without leave to amend. Plaintiff's fraudulent declaration underscores that the Complaint was brought in bad faith. "The decision of whether to grant leave to amend is in the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal of plaintiff's complaint without leave to amend based on futility). Because Plaintiff submitted blatantly false evidence, his Complaint should be dismissed with prejudice. *See Combs v. Rockwell Inter. Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (dismissing case with prejudice for false deposition testimony). Moreover, Plaintiff cannot amend to contradict the facts asserted in his declaration. *See Holland v. Morse Diesel Intern., Inc.*, 86 Cal. App. 4th 1443, 1448 (2001) (affirming dismissal with prejudice because proposed amendment would be contradictory to exhibits attached to complaint and "[i]f facts appearing in the exhibits contradict those alleged, the facts in the exhibits take precedence.").

//
//
//

**V.   CONCLUSION**

For the reasons set forth above, Molson Coors respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety without leave to amend.

Dated: September 10, 2021                              CROWELL & MORING LLP


                                                                            */s/ Raija J. Horstman*
                                                                            Raija J. Horstman
                                                                            *Attorneys for Defendant*
                                                              MOLSON COORS BEVERAGE COMPANY USA LLC